

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| TYRESE DASHAWN JOHNSON, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 5:24-1625-MGL |
| § | |
| JOEL ANDERSON, SHANE JACKSON, § | |
| and JANE DOE (Postal Director), § | |
| Defendants. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE AND WITHOUT FURTHER LEAVE FOR AMENDMENT

Plaintiff Tyrese Dashawn Johnson (Johnson) brought this action against Defendants Bryan P. Stirling (Stirling), Shane Jackson, and Jane Doe (Postal Director) (collectively, Defendants). He claims violations of the First and Fourteenth Amendments. Johnson is representing himself.

It appears Johnson sued Stirling in his capacity as the director of the South Carolina Department of Corrections (SCDC). Inasmuch as Joel Anderson (Anderson), as the now-acting director of the SCDC, has replaced Stirling, the Court hereby substitutes Anderson for Stirling in this lawsuit. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."). The Clerk shall revise the docket to reflect this modification.

The matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge suggesting Johnson's action be dismissed. The Magistrate Judge prepared

the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 24, 2024; and Johnson filed his objections on July 3, 2024. Having carefully reviewed the objections, the Court holds them to be without merit. It will therefore enter judgment accordingly.

On or about August 10, 2023, Johnson mailed a letter to his attorney using a Christmas packet envelope provided by SCDC. The envelope had a February 28, 2023, expiration date on it. Thus, the letter was returned to him. This, according to Johnson, violated his First and Fourteenth Amendment rights.

Johnson's objections are, for the most part, rambling, unclear, and unspecific. Nevertheless, the Court has teased out two objections to the Report, which the Court will briefly address below.

In the first objection the Court will consider here, Johnson contends the Magistrate Judge employed the wrong standard of review in considering his claims. According to him, she should have used the *Turner* and the *Martinez* tests in considering his constitutional claims. Objections at 2 and 5.

The *Turner* Test "concerns . . . the relationship between the asserted penological interests and the prison regulation." *Shaw v. Murphy*, 532 U.S. 223, 224 (2001). In *Turner*, the Supreme Court

2

held four factors are relevant in deciding whether a prison regulation affecting a constitutional right that survives incarceration withstands constitutional challenge: (1) whether the regulation has a "valid, rational connection" to a legitimate governmental interest; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact an accommodation of the right would have on guards and inmates and prison resources; and (4) whether there are "ready alternatives" to the regulation. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

As to the *Martinez* test, the Fourth Circuit described it this way: "*Martinez* . . . hold[s,] . . . for prison officials validly to censor a prisoner's mail[,] they must show . . . censorship furthers a substantial governmental interest of security, order or rehabilitation, unrelated to the suppression of expression, and, moreover, that the censorship is no broader than that reasonably required to further that interest." *Pittman v. Hutto*, 594 F.2d 407, 410–11 (4th Cir. 1979). "*Martinez* . . . dealt with a restriction on a prisoner's incoming and outgoing Personal mail[.]" *Id*. at 411.

Johnson fails to develop any arguments as to the applicability of either of these two tests to his claims. Nevertheless, even if he had, the Magistrate Judge is still correct that, "[t]o state a claim that a delay or failure in delivering or receiving legal mail violated an inmate's constitutional rights, the prisoner must allege facts showing that 'the delay or failure in delivering his legal mail deprived him of meaningful access to the courts.'" Report at 3 (quoting *White v. White*, 886 F.2d 721, 723 (4th Cir.1989)). "Accordingly, the plaintiff must show that the alleged 'interference with his legal mail caused him to suffer actual detriment to a legal proceeding.'" *Id. (*quoting *Williams v. Crawford*, 449 F. App'x 288, 289 (4th Cir.2011). But, Johnson has failed to make such a showing. Therefore, the Court will overrule this objection.

In the second objection the Court will discuss here, Johnson claims "[Defendants . . . [were] well aware of obstructing [his] and many inmates['] correspondence that was protected under the

Equal Protection of Law[ ] Clause." Objections at 3. But, as the Magistrate Judge observed, "[t]o succeed on an equal protection claim under the Fourteenth Amendment, [Johnson] 'must first demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination.'" Report at 4 (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).

But, because Johnson has neither presented any evidence showing he was treated differently from other inmates, nor has he shown Defendants' actions were the result of intentional or purposeful discrimination, he is unable to establish his Equal Protection claim. Accordingly, the Court will overrule this objection, too.

The remainder of Johnson's objections are so lacking in merit as to make discussion of them unnecessary. Consequently, the Court will also overrule those objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Johnson's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of this Court Johnson's action is **DISMISSED WITHOUT PREJUDICE** and without further leave for amendment.

**IT IS SO ORDERED**.

Signed this 8th day of May, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Johnson is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.